IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DARNELL R. WHITE** | ) | **CASE NO. 1:20 CR 0227** |
| | ) | |
| | ) | |
| Defendant-Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION & ORDER** |
| | ) | |
| Plaintiff-Respondent. | | |

On March 9, 2022, Defendant Darnell R. White filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ECF Doc. 34. After obtaining leave to discuss White's allegations with his trial attorney, Michael J. Goldberg, the Government filed an opposition to White's motion. ECF Doc. 39. Because the filings and records conclusively show White is not entitled to §2255 relief on Grounds Two, Three and Four of his motion, his motion is DENIED as to those grounds.

The Court will hold Ground One in abeyance at this time. The Court will permit White to supplement his motion with the necessary evidentiary support, which must be filed on or before **12:00 p.m., noon, on May 31, 2022**. If White files the proper support, the Court will schedule a limited evidentiary hearing to determine whether White asked counsel to file an appeal. Should White fail to file the necessary evidentiary support (i.e. an affidavit), Ground One will be denied. The Court's decision is further explained below.

**I.    Background**

In March 2020, White was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF Doc. 9. In September 2020, a

1

superseding indictment charged White with additional drug trafficking offenses related to narcotics seized from his residence. ECF Doc. 14. On November 12, 2020, White pleaded guilty to the seven-count superseding indictment. At sentencing, White's attorney requested the mandatory minimum sentence (ECF Doc. 33 at 7), and the Government agreed. ECF Doc. 33 at 8). White was sentenced to the mandatory minimum sentence, 180 months on Counts 1 through 6 and 60 months on Count 7, to run consecutively. His total sentence was 240 months. ECF Doc. 33 at 9.

## II. Legal Standard

In accordance with 28 U.S.C. § 2255(a), a prisoner in custody may move the sentencing court to vacate the sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." In order to obtain relief under § 2255, a prisoner must demonstrate a constitutional error, a sentence that exceeds statutory limits, or an error of fact or law "so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). However, an ineffective assistance of counsel claim is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

**III.    Discussion**

White's Grounds for relief are all based on ineffective assistance of counsel. In Ground One, White asserts his counsel failed to file a timely appeal. ECF Doc. 34 at 4. In Ground Two, he argues counsel was ineffective for interfering with his desire to plead guilty before the superseding indictment was filed. ECF Doc. 34 at 5. In Ground Three, White contends counsel was ineffective for failing to research and explain the applicability of 18 U.S.C. § 924(c) to the facts of his case. Finally, in Ground Four, White argues counsel's cumulative errors amounted to ineffective assistance of counsel. ECF Doc. 34 at 8.

To establish ineffective assistance of counsel, White must show that counsel's representation fell below an objective standard of reasonableness, and that his deficient performance prejudiced White. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation marks omitted). In order to satisfy the "prejudice" requirement in the guilty plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). "Moreover, he must show that there would have been a reasonable chance he would have been acquitted had he gone to trial." *Spikes v. Mackie*, 541 F. App'x 637, 649 (6th Cir. 2013) (citing *Hill*, 474 U.S. at 59); *Railey v. Webb*, 540 F.3d 393, 415-16 (6th Cir. 2008) (same).

In Ground One, White states he asked his attorney, Michael Goldberg, to file the necessary paperwork for appeal. If true, this would be *per se* ineffective assistance of counsel. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)(holding that "the failure to perfect a direct appeal, in derogation of defendant's actual request, is a *per se* violation of the Sixth Amendment"); *Carrion v. United States*, 107 Fed. Appx. 545, 547 (6th Cir. 2004)(in the case of a defendant who waived his right to appeal in a plea agreement, "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful"). *See also Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2002)("we have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable"). However, at this time, White has not submitted an affidavit or other evidence showing he asked his attorney to file an appeal.

The Government asserts White never asked Attorney Goldberg to file an appeal. Goldberg says he explained to White there were no viable grounds for appeal because he had

4

pleaded guilty and received the mandatory minimum sentence. ECF Doc. 39 at 8. White hasn't filed an affidavit or any other evidence supporting his Ground One claim, and his attorney's statements directly contradict his. Despite this, the Government has indicated it does not object to a limited evidentiary hearing to resolve the factual dispute in Ground One. ECF Doc. 39 at 8. Accordingly, the Court will permit White to supplement his motion with the necessary evidentiary support. **On or before May 31, 2022, White must file an affidavit or other evidentiary support for his Ground One claim.** If White files the proper support, the Court will schedule a limited evidentiary hearing to determine whether White asked counsel to file an appeal. Should White fail to file the necessary evidentiary support, the Court will issue an order denying his Ground One claim.

In Ground Two, White claims he wanted to plead guilty before the superseding indictment was filed. ECF Doc. 34 at 5. He argues his attorney failed to communicate his desire to plead guilty and implies he could have avoided the subsequent drug trafficking charges. But White could *not* have avoided the drug-trafficking charges by quickly pleading guilty. The Government has explained it always intended to supersede the indictment with drug trafficking charges. It did not file them initially because the seized narcotics could not immediately be tested due to COVID-19. For this reason, the Government initially charged White with one count of felon in possession and planned to supersede the indictment with drug-trafficking charges after obtaining lab results. ECF Doc. 39 at 9.

Because White could not have avoided the drug-trafficking charges by quickly pleading guilty, his counsel was not ineffective for failing to communicate his early desire to plead. Communicating this desire to the Government would not have made any difference, and White cannot show any prejudice occurred as a result. Because the filings and records conclusively

5

show White is not entitled to §2255 relief on his Ground Two claim, White's Ground Two claim is DENIED.

In Ground Three, White contends his counsel failed to research and explain the applicability of 18 U.S.C.§ 924(c)[1] to the facts of his case. ECF Doc. 34 at 7. But White's Ground Three contention contradicts his plea hearing statements.

> THE COURT: Have you discussed your decision to plead guilty carefully with Mr. Goldberg?
>
> THE DEFENDANT: Yes, I have, your Honor.
>
> THE COURT: And have you had a chance to ask him any questions that you might have had about it?
>
> THE DEFENDANT: Yes, I have, your honor.
>
> THE COURT: All right. Without giving me any [of] the details of your discussion, did you discuss generally with Mr. Goldberg what the Government's evidence is likely to be against you if you were to go to trial?
>
> THE DEFENDANT: Yes, I have, your Honor.
>
> THE COURT: All right. And again, without giving me any details of your discussion did you discuss generally with Mr. Goldberg what, if any, challenges or defenses you might have to the Government's evidence, again if you were to go to trial?
>
> THE DEFENDANT: Yes, I have, your Honor.
>
> THE COURT: And are you satisfied with Mr. Goldberg's representation of you.
>
> THE DEFENDANT: Yes, your Honor.

ECF Doc. 36 at 10-11.

White's plea hearing statements (made under oath) are contrary to his Ground Three claim that counsel did not adequately explain the charges against him. When faced with such

---

[1] Count 7 of the superseding indictment charged White with one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

discrepancies, the plea hearing statements carry more weight. "A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *United States v. Owens,* 215 Fed. Appx. 498, 502 (6th Cir. 2007) (quoting *United States v. Cinnamon*, 112 Fed. Appx. 415, 419 (6th Cir. 2004)) (alteration in original).

Here, White represented he had discussed the legal issues of his claims with counsel before pleading. He also stated he was satisfied with Mr. Goldberg's representation. White has not explained why this Court should now disregard his prior statements in exchange for his current claim of ineffective assistance of counsel before pleading. Nor has White fully explained how a better understanding of the applicability of 18 U.S.C. § 924(c) would have even altered his decision to plead. Finally, he has failed to show he would have likely been acquitted at trial. The plea hearing record shows that White was fully advised and satisfied with counsel before entering a guilty plea. ECF Doc. 36 at 10-11. Because the filings and records conclusively show White is not entitled to §2255 relief on his Ground Three claim, White's Ground Three claim is DENIED.

Finally, in Ground Four White contends his counsel's cumulative errors violated his Sixth Amendment right to effective assistance of counsel. However, as already explained, White has failed to show *any* error on the part of counsel or that an alleged error prejudiced him before pleading guilty. Mr. White entered a guilty plea to the indictment and was sentenced to the mandatory minimum sentence. He has failed to show that counsel's performance fell below an objectively reasonable standard or that he suffered any prejudice. Because the filings and records conclusively show White is not entitled to §2255 relief on his Ground Four claim, White's Ground Four claim is DENIED.

**IV.     Conclusion**

Because the filings and records conclusively show White is not entitled to §2255 relief on Grounds Two, Three or Four of his motion, his motion is DENIED as to those grounds.  As to Ground One, the Court will permit White to supplement his motion with the necessary evidentiary support.  **White must file an affidavit or other evidentiary support for his Ground One claim on or before 12:00 p.m., noon, on May 31, 2022.**  If White files the proper support, the Court will schedule a limited evidentiary hearing to determine whether White asked counsel to file an appeal.  However, if White fails to supplement his Ground One claim with proper evidentiary support, his Ground One claim will also be denied.

**IT IS SO ORDERED.**

 /s/Dan A. Polster     May 10, 2022
**Dan Aaron Polster**
**United States District Judge**